owned by Hard and occupied by Navagh, which deed contained the following description : "Parcel of land in the First Ward of the City of Buffalo to wit : part of Outer Lot 38 one hundred and thirty-one (131) feet front to Buffalo river deep on the easterly side of the City Ship Canal commencing five hundred feet and forty-seven one-hundredths (500 47/100) feet northerly from Peck Slip." The petition contained a similar description. The petition stated that the petitioner was the owner in fee, and entitled to possession, of the lands so described. "That said premises were conveyed to your petitioner by deed from the City of Buffalo, which deed is dated June 27th, 1888, pursuant to an act of the Legislature of the State of New York, * * * passed May 12th, 1880, and the acts amendatory thereof. * * * That said Fred W. Navagh is the occupant of such real estate, and in possession of said premises, and holds over and continues in possession of said premises after the expiration of his term, without permission of his landlord, your petitioner." No other facts were stated in the petition.—

HARDIN, P. J. : Navagh answered in writing, and set up that he was rightfully in possession as tenant of Hard, and had been for more than six years. He denied that he held over after the expiration of his term, and he denied that the petitioner "is his landlord of said premises or any thereof." He alleged no notice to redeem said premises was ever served on him, and he denied that the petitioner is the owner in fee or entitled to possession of said premises. He alleged that no notice to redeem said premises was ever served on Hard. He averred that the description in the rolls, advertisement of sale, certificate of sale and in the deed is insufficient and defective. On June fifth the counsel moved to dismiss the proceedings for the insufficiency of the petition. That motion was denied. On July second, on application of Navagh and Hard, the latter was allowed to file an answer. This was allowed under section 2244 of the Code of Civil Procedure, which provides that any person in possession, or claiming possession, may file an answer "denying generally the allegations, or specifically any material allegation of the petition, or setting forth a statement of any new matter constituting a legal or equitable defense or counterclaim. Such defense or counterclaim may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action." Under the answer thus allowed, the defendant gave evidence showing that no notice to redeem had been given to Navagh or to Hard, according to the provisions of the Tax Law passed in 1880, for the city of Buffalo. The 7th section of chapter 275 of the Laws of 1880 provides that an owner may redeem from a tax sale at any time within two years after the date of such sale. It further provides: "Notice shall be given by the purchaser of any real estate sold for taxes under the provisions of this act to the occupant, owner in fee, * * * at least three months before the expiration of the time for redemption fixed by this act, and the time for such redemption shall not be deemed to have expired until three months after such notice shall have been given." The section provides how the notice shall be given, and, among other things, that if any of the parties do not reside in the city, or have a place of business in the city, "then such notice shall be deposited, postage paid, in the post office, addressed to them at the post office at or nearest to their known place of residence." No such service

was made upon Hard, the owner. Nor was any notice served upon Navagh, the tenant. The 6th section of the act of 1880 authorizes proceedings to be taken to obtain summary possession of premises by the purchaser, or his heirs or assigns, "at any time after the time limited in the seventh section of this act for the redemption of such premises shall have expired and the notice therein provided for been given, and said premises shall not have been redeemed as therein provided, and not before, obtain actual possession of the premises by an action at law, or by causing the occupant of such real estate to be removed therefrom and the possession thereof to be delivered to him in the same manner and by the same proceedings by and before the same officers as in the case of a tenant holding over after the expiration of his term without permission of his landlord." These proceedings were prematurely instituted. (2) The petition is barren of facts; it does not state facts sufficient to confer jurisdiction upon the officer to whom it was presented. If the petitioner sought to proceed as purchaser he should have stated facts which would authorize the proceedings to be taken under chapter 275 of the Laws of 1880. If he sought to proceed upon a lease or letting to the tenant after the petitioner had become the owner under his deed, so that the conventional relation of landlord and tenant existed, he should have set out the facts which would indicate that such a relation existed. (3) The description in the petition and in the deed taken by the petitioner is vague and indefinite, and proof was given tending to show that it was entirely inadequate to describe the property owned by Hard and occupied by Navagh. The proceedings should be reversed. All concurred.

Ferdinand Griebel, Respondent, v. Rochester Printing Company, Appellant.— Motion for certificate and for leave to appeal to the Court of Appeals denied, with ten dollars costs.

Orville M. Barkley, Respondent, v. The New York Central and Hudson River Railroad Company, Appellant.— Motion for reargument or for leave to appeal to the Court of Appeals denied, with ten dollars costs.

George R. Blauvelt v. David S. Fox.— Motion denied, without costs.

Elizabeth M. Valentine, as Executrix, etc., of Merrill H. Valentine, Deceased, Respondent, v. Erie Railroad Company, Appellant.— Motion for reargument denied. Motion for certificate to appeal to the Court of Appeals denied, with ten dollars costs.

William L. Robinson, Appellant, v. The Summerville and Charlotte Ferry Company, Respondent.— Order reversed, with ten dollars costs and disbursements. All concurred.

Henry H. Lyman, as State Commissioner of Excise of the State of New York, Appellant, v. Theodore Venderbosch, Respondent.— Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. All concurred.

William W. Haviland and George W. Nicholas, as Receiver, etc., of Henry S. Ridley, Appellants, v. Henry Ridley and Others, Respondents.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs.

Edward A. McDonald, as Administrator, etc., of Frederick H. McDonald, Deceased, Appellant, v. The New York Central and Hudson River Railroad Company, Respondent.— Motions denied, with ten dollars costs. · All concurred.

William H. Templeton, Respondent. v. Ira C. Brown, as President of the Buffalo City Troop, Appellant.— Order affirmed, with ten

37 632
42 603

dollars costs and disbursements. All concurred, except Spring, J., not sitting.

Harriet Stuart, Respondent, v. Victoria Stuart, Individually and as Executrix, etc., of Charles Stuart, Deceased, and William H. Stuart, Appellants, Impleaded with Others. — Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. All concurred, except Hardin, P. J., not voting.

Adaline Niles, as Administratrix, etc., Appellant, v. The New York Central and Hudson River Railroad Company, Respondent.— Motion denied. All concurred.

Morgan & Wright, Respondent, v. Francis W Gridley, Appellant, Impleaded with Others. — Judgment and order affirmed, with costs. All concurred.

Napoleon Perry, Respondent, v. Garrett Roberts, Appellant.— Judgment of the County Court and of the Justice's Court affirmed, with costs. All concurred, except Follett, J., not voting.

Viola M. Lusk, Plaintiff, v. The Village of Phelps, Defendant.— Plaintiff's exceptions overruled and motion denied, with costs. All concurred.

Frank B. Grill, Plaintiff, v. Rowland P. Hill, Defendant Willard W. Williams, Appellant; John F. Kinney, Sheriff of Niagara County, Respondent.— Order modified so as to direct the sheriff to pay the moneys left in his hands, after satisfying the first execution, into court, and as modified, affirmed, without costs to either party, and without prejudice to any subsequent proceedings. All concurred.

Edwin C. Berry, Respondent, v. George B. Riddle, Appellant.— Judgment and order affirmed, with costs. All concurred.

George H. Harris, Appellant, v. Herbert J. Demcey, Respondent.— Judgment affirmed, with costs. All concurred.

In the Matter of the Judicial Settlement of the Accounts of Harriet Rutledge, as Executrix, etc., of Walter Heard, Deceased.— Decree of the Surrogate's Court affirmed, with costs in favor of Helen M. Collier, and a bill of costs in favor of E. M. Morse, payable out of the estate; also order of January 12, 1898, affirmed, with ten dollars costs and disbursements payable out of the estate. All concurred. Adams, J., not sitting.

Mary F. Warner, Respondent, v. Wilhelmina Billings, Appellant, Impleaded, etc.— Motion for reargument denied. Motion to modify the judgment denied, with ten dollars costs and disbursements, without prejudice to an application at Special Term for leave to set off the costs against the recovery on the mortgage foreclosure. All concurred.

Lizzie Schnee, Respondent, v. The People's Building, Loan and Saving Association, Appellant — Judgment affirmed, with costs. All concurred.

Benjamin C. Montgomery, Appellant, v. Joseph A. Barr and Nathaniel L. Barr, Respondents. —Judgment of the County Court affirmed, with costs. All concurred.

Charles H. Lucas, Appellant, v. Westchester Fire Insurance Company, Respondent.— Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event. All concurred. McLennan, J., not sitting.

Henry Winter, Appellant, v. The Crosstown Street Railway Company of Buffalo, Respondent.— Appeal dismissed, with costs. All concurred.

Walter Egginton, Appellant, v. Thomas G. Hawkes, Respondent.— Judgment affirmed, with costs. All concurred.

George Prole and William Prole, Respondents, v. George F. Lowe, Appellant.— Judgment

affirmed, with costs. All concurred. Spring, J., not sitting.

John Cameron, Appellant, v. Henry A. McGrath, Respondent.— Order affirmed, without costs to either party. All concurred.

Sarah A. Campbell, Appellant, v. Laura Lawrence and Others, Respondents.— Judgment affirmed, with costs. All concurred. McLennan, J., not sitting.

Hattie E. House v. Stephen D. House.— Appeal dismissed. All concurred.

Henry Searls, Respondent, v. Aaron P. Clark and Others, as Executors, etc., of Asahel K. Clark, Deceased. Appellants.— Judgment reversed and a new trial ordered, with costs to the appellants to abide the event. All concurred.

The Buffalo Creek Railroad Company et al., Appellants, v. Anna Collins, Respondent.— There not being four judges qualified to sit in this case, it is hereby ordered that the appeal be transferred to and heard in the third judicial department.

Kattie A. Edinger, Appellant, v. Northwestern Life Assurance Company, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concurred.

Adelbert E. Darrow, Respondent, v. John W. Bush and Others, Appellants.— Order reversed, with ten dollars costs and disbursements, and the requests to find stricken from the case All concurred.

The People of the State of New York, Appellant, v. William P. Miller, Respondent.— Judgment and order affirmed, with costs. All concurred.

William G. Dean, Appellant, v. Charles P. Allen, Respondent, Impleaded with Charles W. Wagstaff.— The words "final judgment" are stricken from the decision, the order and the judgment, and the judgment is sustained as an interlocutory judgment, and the plaintiff has leave to amend his complaint within twenty days by striking therefrom the name of Charles W. Wagstaff. on payment of the costs of the demurrer, with leave to the defendant to answer within twenty days from the service of the amended complaint, and as so modified affirmed, without costs. All concurred.

In the Matter of Providing for the Manner of Taking Appeals from the Court of the Justice of the Peace of the City of Buffalo, N. Y.— In virtue of the power and authority conferred upon this court by section 5 of article VI of the Constitution of this State, it is hereby ordered that all appeals from the Court of the Justice of the Peace in the city of Buffalo shall be taken, disposed of and determined in the same manner as appeals are now taken, disposed of and determined from the Municipal Court of that city.

Augustine Aslen, Respondent, v. Village of Charlotte, Appellant.— Motion denied, with ten dollars costs. All concurred.

William Yaw, Respondent, v. Valentine F. Whitm re et al., Appellants. —Motion denied, without costs. All concurred.

In the Matter of the Application of John Klein, Jr., for the Revocation and Cancellation of the Liquor Tax Certificate of Mathias Horey, Appellant. Motion denied, without costs.

Anna Anderson v. Niagara Falls and Lewiston Railroad Company.— Appeal dismissed, with costs. All concurred.

Winchester Land Company v. Park Avenue Land Company et al.— Appeal dismissed, with costs. All concurred.

In the Matter of the Adoption of Matilda Trimm (Otherwise Known as Katie Hoefle) by John N. Hoefle and Barbara C. Hoefle.— Motion denied, without costs.